# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE,<br><br>        Plaintiff,<br><br>      v.<br><br>DAVID STEVIG, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-01108-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>Doc. 17<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

On July 6, 2011, Plaintiff Kevin Moore ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to treat his Hepatitis medical condition from 2002 through 2011. Compl. at 8-9, Doc. 1. Defendants were employed at California Men's Colony, San Luis Obispo, Corcoran State Prison, and Pleasant Valley State Prison. *See id.* at 3. On September 12, 2011, Plaintiff filed a motion for preliminary injunction against prison officials at Pleasant Valley State Prison. Doc. 17.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
2 have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley
3 Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47
4 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the
5 matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only]
6 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
7 not attempt to determine the rights of persons not before the court." *Zepeda v. United States
8 Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

9    The pendency of this action does not give the Court jurisdiction over prison officials in
10 general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*,
11 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and
12 to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93;
13 *Mayfield*, 599 F.3d at 969. A preliminary injunction becomes moot if a prisoner is transferred.
14 *Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (citing *Johnson v. Moore*, 948 F.2d
15 517, 510 (9th Cir. 1991) (per curiam)). Plaintiff is no longer incarcerated at Pleasant Valley State
16 Prison, as he has since been transferred to Deuel Vocational Institution.

17    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
18 injunction, filed September 12, 2011, should be DENIED.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 29, 2012

UNITED STATES MAGISTRATE JUDGE