# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOORE, | CASE NO.  1:11-cv-01108-LJO-GBC (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| DAVID STEVIG, et al., | |
| Defendants. | Doc. 24 |
| | FIFTEEN DAY DEADLINE |

_____/

## I.    Procedural History

On July 6, 2011, Plaintiff Kevin Moore ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to treat his hepatitis medical condition from 2002 through 2011. Doc. 1 at 8-9. Defendants were employed at California Men's Colony, San Luis Obispo, Corcoran State Prison, and Pleasant Valley State Prison. Doc. 1 at 3. On May 29, 2012, the Court screened the complaint and dismissed the action with leave to amend for failure to state a claim upon which § 1983 relief could be granted. Doc. 23. On June 22, 2012, Plaintiff filed the first amended complaint which is currently before the Court. Doc. 24.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

8  support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

9  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

10 *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

11 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

12 allegations of the complaint in question, and construe the pleading in the light most favorable to the

13 plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

14 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

15 **III.  Plaintiff's Complaint**

16     Plaintiff is currently a state prisoner at the Deuel Vocational Institute (DVI) in Tracy,

17 California.  The events central to Plaintiff's complaint occurred while he was a prisoner at various

18 California state prison.  Doc. 24 at 4.  In the complaint, Plaintiff names the following as a

19 defendants: 1) Moon (M.D. at Corcoran State Prison); and 2) Chokatos (M.D. at Pleasant Valley

20 State Prison).  Doc. 24 at 4.  Plaintiff also mentions the actions of Dr. Ho, however, it is unclear

21 whether he is naming Dr. Ho as a defendant.  Doc. 24 at 7-8, 12.  Plaintiff requests monetary relief

22 and injunctive relief in the form of requiring two new medications to be prescribed to Plaintiff.  Doc.

23 24 at 10, 14.

24     Plaintiff alleges that Defendants Moon and Chokatos failed to provide adequate medical care

25 for Plaintiff's serious medical need which amounts to deliberate indifference.  Doc. 24 at 4.

26 According to Plaintiff, he did not receive any medications from Defendants Moon and Chokatos and

27 did not receive the new medication to treat Hepatitis C.  Doc. 24 at 4.  Plaintiff argues that his

28 attachment from the American Liver Association demonstrates that his life-span is shortened without

1  the new medication.  Doc. 24 at 4.  Plaintiff is not receiving medication currently as a result of

2  Defendants Moon and Chokatos' diagnosis and treatment plans.  Doc. 24 at 4.  Plaintiff reiterates

3  that he has not received the new medication needed to treat his Hepatitis C and not the "interferon

4  injection."  Doc. 24 at 5.  Plaintiff alleges that the medication of "interferon" did nothing to change

5  the course of his Hepatitis C infection and defendant Chokatos knew that these injections were not

6  working.  Doc. 24 at 6.  Defendant Chokatos told Plaintiff that he would receive a new drug to treat

7  Hepatitis C.  Doc. 24 at 6.  According to Plaintiff from 2002 to 2011 all of the Defendants have

8  failed to provide adequate care.  Doc. 24 at 6.  Plaintiff alleges that he told the official about his

9  condition in his 602 grievance and "they" knew his condition was getting worse, however, doctors

10  at Pleasant Valley State Prison told Plaintiff that they did not have the medication to treat Hepatitis

11  C.  Doc. 24 at 7 (citing to grievance Log No. PVSP-27-11-12651).  Plaintiff states that on August

12  2, 2011, Dr. Ho interviewed Plaintiff and stated that they gave Plaintiff four weeks of treatment to

13  justify grievance log No. 09-2010-13896.  Doc. 24 at 7-8.  In grievance log No. PVSP-27-11-12651

14  medical staff stated that Plaintiff's medical issues are being adequately accommodated.  Doc. 24 at

15  8.  According to Plaintiff, Dr. Ho and Chokatos stated that the medication "Boceprevir" and

16  "Telaprevir" have not been approved to treat Plaintiff's Hepatitis C and that Plaintiff's laboratory

17  results were within normal limits.  Doc. 24 at 8, 12.  When Plaintiff asked Dr. Ho why the new

18  medications would not get approved, Plaintiff was told that the State of California does not have any

19  money.  Doc. 24 at 12.

20      According to Plaintiff the Federal Drug Administration (FDA) approved of Victrelis

21  (Boceprevir) and Incinern (Telaprevir) to be used in combination with Pegylated Interferon and

22  Ribavirin to treat Hepatitis C.  Doc. 24 at 9.  Plaintiff emphasizes the importance of treating the

23  disease early and argues that if he is given the new medication at his current stage, he would have

24  a chance for his liver to heal.  Doc. 24 at 9-10.  Plaintiff states that he can show that the Department

25  of Corrections refuse to treat Plaintiff's medical condition by not giving Plaintiff "Victrelis"

26  (Boceprevir) and Inciver (Telaprevir).  Doc. 24 at 12.  Plaintiff states that he is bringing a claim

27  against Defendants Chokatos and Mood based on supervisory liability.  Doc. 24 at 13.

28  ///

3

**IV.      Applicable Law and Analysis**

     **A.      Rule 8**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.

     **1.      Analysis**

Plaintiff's legal conclusions fail to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

     **B.      Eighth Amendment Deliberate Indifference of medical treatment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1.    Analysis

According to Plaintiff, the Federal Drug Administration (FDA) recently approved of Victrelis (Boceprevir) and Incinern (Telaprevir) to be used in combination with Pegylated Interferon and Ribavirin to treat Hepatitis C. Doc. 24 at 9. Plaintiff alleges that he has not received the newly approved of drugs to treat his Hepatitis C, rather, Plaintiff received "interferon injections" which

1   were not affective.  Doc. 24 at 5-6.  According to Plaintiff, Dr. Ho and Chokatos stated that the

2   medication "Boceprevir" and "Telaprevir" have not been approved to treat Plaintiff's Hepatitis C

3   and that Plaintiff's laboratory results were within normal limits.  Doc. 24 at 8, 12.  When Plaintiff

4   asked Dr. Ho why the new medications would not get approved, Plaintiff was told that the State of

5   California does not have any money.  Doc. 24 at 12.

6        Plaintiff's disagreement with the type of medication that is prescribed to treat Plaintiff's

7   Hepatitis C amounts to a difference in medical opinion and such is insufficient to state a deliberate

8   indifference claim.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337,

9   1344; *Sanchez v. Vild*, 891 F.2d 240, 242.  Additionally, a policy of not using the latest FDA

10  approved drugs to treat Hepatitis and instead using alternate medications is an exercise of medical

11  judgement amounting to a difference in medical opinion and fails to state a deliberate indifference

12  claim.  *See Toguchi v. Chung*, 391 F.3d 1051, 1060; *Franklin v. Oregon*, 662 F.2d 1337, 1344;

13  *Sanchez v. Vild*, 891 F.2d 240, 242.[1]  Moreover, Plaintiff's original complaint demonstrated that

14  Defendants were not indifferent to Plaintiff's complaints but evaluated Plaintiff and treated him

15  according to medical necessity and in accordance with his thyroid condition.   Doc. 1 at 32 (Pltf's

16  Exhibit); Doc. 24 at 57 (Pltf's Exhibit).  Plaintiff's allegations may, at most, amount to negligence,

17  which is insufficient to hold a defendant liable for deliberate indifference to a serious medical need,

18  under the Eighth Amendment.

19  ///

20

21        [1] *See also Loeber v. Andem*, 2012 WL 3590745 at *1-2 (11th Cir. 2012) (unpublished) (affirming decision
22  that inmate failed to state a claim where although the inmate requested to be treated with interferon and ribavirin for
     his Hepatitis C, defendants chose alternate treatment); *Taylor v. Ortiz*, 410 Fed.Appx. 76 at *2 (10th Cir. 2010)
23  (unpublished) (finding that inmate's request for the specific treatment of interferon/ribavarin failed to state a claim
     where defendants provided alternate treatment); *Amarir v. Hill*, 243 Fed.Appx. 353, 354 (9th Cir. 2007)
24  (unpublished) ("A prison inmate . . . does not have a right to treatment for conditions that are not readily amenable to
     treatment") (citing to Cal. Code Regs. tit. 15, § 3350.1); *Floyd v. Chief Medical Director of UTMB*, 210 Fed.Appx.
25  387, 388-89 (5th Cir. 2006) (unpublished) (Inmate's insistence that a newer drug (pegylated Interferon or Pegasys)
     would be more effective than the standard treatment fails to demonstrate that a doctor's decision to continue the
26  standard treatment resulted in a substantial risk of serious harm); *Hix v. Tennessee Dept. of Corrections*, 196
     Fed.Appx. 350, 358 n. 1 (6th Cir. 2006) (unpublished) (noting that ". . . numerous courts have acknowledged [that]
27  hepatitis C does not require treatment in all cases."); *Grindling v. Martone*, No. 12-cv-00361-LEK-BMK, 2012 WL
     3776491 at *7-8 (D. Hawaii 2012) (finding that inmate failed to state a deliberate indifference claim regarding his
28  Hepatitis C condition because Plaintiff failed to demonstrate that defendants' treatment decisions could result in
     significant harm).

### C.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1.    Analysis

Although Plaintiff lists 1) Moon (M.D. at Corcoran State Prison); and 2) Chokatos (M.D. at Pleasant Valley State Prison) as a defendants in the action, Plaintiff fails to explain what specific act or omission each Defendant Moon did to cause the constitutional deprivation.   Plaintiff also mentions the actions of Dr. Ho, however, it is unclear whether he is naming Dr. Ho as a defendant. Doc. 24 at 7-8, 12.

### D.    Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).  Some culpable action or inaction must be attributable to defendants and while the

1  creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the

2  policy must have been the moving force behind the violation.  *Starr*, 652 F.3d at 1205; *Jeffers v.*

3  *Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435,

4  1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

5                         **1.    Analsysis**

6          Simply naming Dr. Moon and Dr. Chokatos as defendants in their supervisory capacity is

7  insufficient to hold them liable based on a position of authority as Plaintiff has not alleged any facts

8  linking Defendant Moon to any conduct nor has Plaintiff alleged facts sufficient to demonstrate an

9  Eigth Amendment deliberate indifference claim. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at

10  1235.  Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under §

11  1983 against Defendants Moon and Chokatos based upon supervisory liability.

12              **V.    Conclusions and Recommendation**

13          The Court finds that Plaintiff's first amended complaint filed on June 22, 2012, fails to state

14  any Section 1983 claims upon which relief may be granted against the named defendant.  Under Rule

15  15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so

16  requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the

17  plaintiff can correct the defect."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal

18  citations omitted).  However, in this action, Plaintiff filed two complaints and received substantial

19  guidance from the Court in its initial screening order.  Doc. 23.  The Court finds that the deficiencies

20  outlined above are not capable of being cured by amendment, and therefore orders that further leave

21  to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

22          Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED in its

23  entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

24  ///

25  ///

26  ///

27  ///

28  ///

1    These Findings and Recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15)

3  days after being served with these Findings and Recommendations, Plaintiff may file written

4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

7  1153 (9th Cir. 1991).

8

9  IT IS SO ORDERED.

10

Dated:    November 13, 2012

11                                                         UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28